UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVIN B. NELSON, )
)
Plaintiff, )
)
v. ) Civil Action No. 10-0245 (CKK)
)
TYRONE WILLIAMS, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on defendants' motions to dismiss.[1] For the reasons discussed below, the motions will be granted.

I. BACKGROUND

To better understand plaintiff's situation, it is helpful to review his criminal history and the circumstances under which he currently is incarcerated:

> On June 23, 1986, [plaintiff] was sentenced to 21 years imprisonment by the District of Columbia Superior Court for armed robbery. He was paroled from this sentence on April 23, 1998, to remain under supervision until February 14, 2007. [Plaintiff] was subsequently transferred to the jurisdiction of the [United States Parole Commission ("USPC")] pursuant to the National Capital Revitalization and Self-Government Improvement Action of 1997[,("Revitalization Act"), Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997)]. In 2003, the USPC placed [plaintiff] on "inactive supervision" – where he was not required to report to a

---

[1] Two motions filed by defendant Skipper's counsel to appear *pro hac vice* [Dkt. #20-21] will be granted. Plaintiff's three motions to amend [Dkt. #49-51] will be denied for reasons discussed elsewhere in this Memorandum Opinion.

1

> parole officer, but was still on parole.
>
> On June 23, 2006, [plaintiff] was sentenced by the Prince George['s] County Circuit Court in Maryland to a 10 year term of imprisonment for First Degree Assault. As a result of this conviction, the USPC issued a warrant charging [plaintiff] with violating the conditions of parole by committing a law violation.
>
> [Plaintiff] was taken into custody on October 18, 2006, and a parole revocation hearing was conducted on March 7, 2007. The USPC found [plaintiff] to have violated parole conditions and, in response thereto, revoked his parole. It was further ordered that [plaintiff] receive no credit for time spent on parole ("street time") and that he serve to the expiration of his sentence. In so ordering, the USPC applied the guidelines found at 28 C.F.R. § 2.81, § 2.21 and § 2.20 and found that [plaintiff's] parole violation behavior had consisted of assault with serious bodily injury intended. In reaching this decision, the USPC relied on the facts that the victim of the assault was described in the police report as having suffered multiple stab wounds to the stomach, chest and back and also that the victim was transported to the hospital in serious condition. It was also noted that the police report charged [plaintiff] with first degree assault under Maryland's [Criminal] Code at § 3-202. The USPC's decision was affirmed on administrative appeal by the National Appeals Board.

*Nelson v. Williamson*, No. 3:CV-07-1870, 2007 WL 4592330, at *1 (M.D. Pa. Dec. 28, 2007)

(internal citations and footnotes omitted).[2]

---

[2] Review of the record of this case reveals that plaintiff was arrested on October 5, 2003 in Prince George's County, Maryland, and was convicted of first degree assault on March 3, 2004. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), Ex. E (Hearing Summary dated March 7, 2007) at 2. The USPC issued a parole violator warrant on or about August 27, 2004. *Id.*, Ex. D (Warrant Application) at 1. Because plaintiff was in Maryland custody at that time, the warrant was lodged as a detainer. Pl.'s Opp'n [Dkt. #39] at 2. Plaintiff remained in Maryland custody until he was paroled on October 16, 2006, and the USPC's parole violator warrant was executed on October 18, 2006. Motion to Amend [Dkt. #41], Ex. (Excerpt from Hearing Summary dated March 17, 2009) at 1. As of March 7, 2007, the date of his parole revocation hearing, plaintiff had been in continuous custody for 42 months. Defs.' Mem., Ex. E at 2. The USPC revoked parole and continued the case until the expiration of plaintiff's underlying sentence (service of 115 months

(continued...)

The Court has reviewed plaintiff's complaint, keeping in mind that a pleading filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is impossible to discern from the complaint as drafted which claim(s) plaintiff brings against which defendant(s). Notwithstanding the complaint's near total lack of factual allegations, plaintiff appears to allege that defendants conspired to violate his rights protected under the Ex Post Facto Clause and the First, Fifth, and Eighth Amendments to the United States Constitution with respect to his arrest, parole revocation, and his subsequent return to custody. He demands a declaratory judgment and punitive damages.

## II. DISCUSSION[3]

### A. *Dismissal Under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain

---

[2](...continued)
total), and scheduled a review hearing for March 2009. *Id.*, Ex. F (Notice of Action dated March 21, 2007) at 1. On review, the USPC reopened and continued the matter to a presumptive parole date of October 13, 2012. Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, Ex. A (Notice of Action dated April 11, 2009) at 1. A review hearing is to take place in March 2011. *Id.* at 2.

[3] For purposes of this Memorandum Opinion, the Court presumes, without deciding, that it has personal jurisdiction over all defendants and that service of process has been effected on them. Thus, the Court will not address defendants' arguments for dismissal under Rule 12(b)(2), (4), and (5) for lack of personal jurisdiction, insufficient process and insufficient service of process, respectively. Nor will the Court address defendants' argument for dismissal of his complaint as untimely. It appears that plaintiff has been incarcerated at all times relevant to the complaint, and under D.C. Code § 12-302(a)(3), the statute of limitations is tolled during a person's incarceration. And because plaintiff sues all of the defendants in their individual capacities, the Court will not address defendants' argument that sovereign immunity deprives the Court of subject matter jurisdiction over any claims plaintiff purports to bring against the defendants in their official capacities or against the United States directly.

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2064 (2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the Court accept "a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50 (citation omitted). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

## B. The Complaint Fails to State a Retaliation Claim

In the sole allegation of retaliation, plaintiff alleges that defendants "have conspired to retaliate against him for having exercised his First Amendment [r]ight[] to redress a Grievance, Injunctive, Declaratory Judgment, and Relief claim with money damages." Compl. ¶ 1.[4] In this context, a viable claim of retaliation requires a prisoner to allege "(1) that [he was] engaged in activity protected by the First Amendment, (2) that prison officials impermissibly infringed on [his] right to engage in the protected activity, and (3) that the alleged retaliation did not advance legitimate goals of the prison or was not tailored narrowly enough to achieve such goals." *Garcia v. District of Columbia*, 56 F. Supp. 2d 1, 5 (D.D.C. 1998) (citations omitted); *see Anderson-Bey v. District of Columbia*, 466 F. Supp. 2d 51, 65 (D.D.C. 2006) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

---

[4] A civil conspiracy requires "an agreement to take part in an unlawful action or a lawful action in an unlawful manner." *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quoting *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002)) (internal quotation marks omitted). Wholly absent from plaintiff's complaint are any factual allegations to support his conclusion that defendants conspired to deprive him of constitutionally protected rights. Therefore, the complaint fails to allege a conspiracy claim. *See Stouffer v. Eulberg*, No. CIV-09-320-C, 2010 WL 2403760, at *1 (W.D. Okla. June 11, 2010) (concluding that prisoner failed to state a conspiracy claim because the complaint discussed no facts suggesting concerted action between two defendants); *Francois v. Miller*, No. 09-3522, 2009 WL 4799312, at *8 (E.D. La. Dec. 2, 2009) (finding that plaintiff's "use of the word conspiracy is not supported in his complaint," and that his "reference to a non-specific conspiracy fails to state a claim for which relief can be granted"); *Vega v. Artus*, 610 F. Supp. 2d 185, 203 (N.D.N.Y. 2009) (dismissing conspiracy claim brought by a *pro se* prisoner because he "does not assert any facts giving rise to a conspiracy, but instead vaguely asserts conclusory statements relating to an alleged conspiracy among Defendants").

goal.") (citations omitted). The complaint makes no further mention of a retaliation claim, and the Court is presented with no factual allegations from which it might infer that defendants are liable for this constitutional violation. The First Amendment claim will be dismissed. *See, e.g., Mayo v. Fields*, No. 1:10-CV-1607, 2010 WL 2723066, at *4 (N.D. Ga. July 8, 2010) (finding that complaint did not state a retaliation claim because it did not allege facts showing a causal relationship between the protected speech and disciplinary reports against the prisoner plaintiff).

### C. The Complaint Fails to State a Fifth Amendment Claim

Plaintiff appears to allege two violations of the Fifth Amendment: a due process violation arising from the BOP's failure to follow its own policies with respect to his parole violation, and another by the USPC when it "abandoned revocation hearing . . . after plaintiff was rearrested [in] October 2003," Compl. ¶ 3. Because the complaint utterly fails to allege any facts either to identify the BOP policy at issue, or to describe the violation of that policy, or to name the BOP defendant or defendants responsible for the violation, plaintiff's first due process claim fails. *See, e.g., Hardy v. Diaz*, No. 9:08-CV-1352, 2010 WL 1633379, at *8 (N.D.N.Y. Mar. 30, 2010) (Magistrate Report and Recommendation to dismiss a *pro se* prisoner's "vague due process and equal protection causes of action arising from the alleged denial of medical treatment" where "the complaint provides no clue as to how plaintiff believes he was treated differently than other similarly situated individuals or what protected liberty interest he claims to have been deprived of without due process"), *adopted*, No. 9:08-cv-1352 (N.D.N.Y. Apr. 21, 2010); *Sardakowski v. Morgen*, No. 09-cv-01687, 2010 WL 745016, at *7 (D. Colo. Feb. 24, 2010) (dismissing mentally disabled prisoner's equal protection claim for his failure "to state how the developmentally disabled prisoners at [another facility] may be treated differently than the

plaintiff at his current facility").

By "abandoning" the revocation hearing, the Court presumes that plaintiff complains of the delay span between his arrest in Prince George's County, Maryland on October 5, 2003 and the parole revocation hearing on March 7, 2007. The USPC was under no obligation to conduct a revocation hearing while plaintiff was serving the Maryland sentence, which had been imposed upon his conviction of a crime committed while on parole. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (finding that a federal parolee imprisoned for a crime committed while on parole was not constitutionally entitled to a prompt revocation hearing when the parole violation warrant was issued and lodged as detainer with the institution of his confinement, but was neither served nor executed). Only when plaintiff was taken "into custody as a parole violator by execution of the warrant," *id.* at 87, was the USPC obligated to accord plaintiff the due process to which he was entitled, *see Morrissey v. Brewer*, 408 U.S. 471 (1972), including written notice of the claimed violation of parole and an opportunity to be heard on the matter, *id.* at 489. Plaintiff's second due process claim also fails.[5]

---

[5] To the extent that plaintiff claims his March 7, 2007 parole revocation hearing was untimely, the appropriate remedy for such a delay would have been through a writ of mandamus to compel the USPC's compliance with the timelines set forth in its regulations. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). The USPC already has conducted plaintiff's revocation hearing, and the matter is now moot. Moreover, at the revocation hearing, plaintiff raised an objection pertaining to the timeliness of the hearing, and upon his representation that "there was nothing that adversely affected his ability to defend himself against the charge," the hearing examiner overruled his objection. Defs.' Mem., Ex. F (Hearing Summary) at 1. And insofar as he complains about his transfer to the Federal Detention Center in Philadelphia for his revocation hearing, his claim is without merit. USPC regulations allow for a D.C. Code offender's designation to a BOP facility for a revocation hearing at that institution. 28 C.F.R. § 2.101(e).

*D. The Complaint Fails to State a Eighth Amendment Claim*

It appears that plaintiff's Eighth Amendment claim arises from his detention beyond the date on which he claims his sentence expired. *See* Compl. ¶ 8. Plaintiff does not state the date on which his sentence supposedly expired, but the Court need not determine this date in order to rule on the pending motions. The record of this case reveals that plaintiff was to remain under parole supervision until February 14, 2007, *see* Defs.' Mem., Ex. A (Certificate of Parole), and, therefore, he remained under the USPC's jurisdiction at the time of his arrest in Maryland on October 5, 2003. Plaintiff remains in custody because the USPC revoked his parole and imposed a term of incarceration as a penalty for his violation of law, and because the revocation resulted in forfeiture of "street time" credit toward service of his Superior Court sentence.

*E. The Complaint Fails to State an Ex Post Facto Claim*

Plaintiff alleges that defendants violated the Ex Post Facto Clause, *see* Compl. ¶¶ 2, 4, by applying the USPC's reparole guidelines, *see* 28 C.F.R. §§ 2.20, 2.80, rather than the regulations promulgated by the former District of Columbia Board of Parole ("Parole Board"), *see* D.C. MUN. REGS. tit. 28, §§ 100 *et seq.* (1987) (repealed Aug. 5, 2000).[6] Although plaintiff does not articulate the basis of his Ex Post Facto claim, by citing *Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008), presumably he is alleging "that [the] USPC retroactively applied its own parole guidelines and practices so as to significantly increase the risk that [he] would serve [a] longer

---

[6] The District of Columbia Board of Parole adopted "guidelines and a numerical scoring system . . . in 1985 and published [them] in 1987." *Austin v. Reilly*, 606 F. Supp. 2d 4, 6 (D.D.C. 2009). Plaintiff clarifies that his claim pertains only to the guidelines applied at his parole revocation hearing, and in no way pertains to those applied at his initial parole hearing. Pl.'s Mot. to Amend [Dkt. #50]. This matter is evident from the initial complaint, and amendment of the pleading is redundant. Plaintiff's motion to amend the complaint will be denied.

8

term[] of incarceration." *id.* at 68.

"In order to state an ex post facto claim, plaintiff would have to allege that the parole authority is applying later-adopted laws that disadvantage him instead of the laws that were in effect at the time he committed the offenses." *Austin v. Reilly*, 606 F. Supp. 2d 4, 9 (D.D.C. 2009) (citing *Weaver v. Graham*, 450 U.S. 24, 30 (1981)). It is impossible to discern from the complaint, as drafted, that plaintiff is somehow disadvantaged by the application of the USPC's guidelines to his case. It is unclear that the USPC applied its guidelines retroactively in such a way that plaintiff faced a significant risk of a longer term of incarceration in violation of the Ex Post Facto clause.

Furthermore, plaintiff already has raised the issue of the proper parole guidelines applicable to his case, and the issue has been decided against him. *Nelson*, 2007 WL 4592330, at *2-3 (concluding that there was "no statutory basis for [plaintiff's] claim that the USPC was required to use unamended D.C. parole regulations in making a revocation or reparole decision"). He cannot now relitigate an issue that has been "actually and necessarily determined by a court of competent jurisdiction [because its] determination is conclusive." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)); *see Agudas Chasidei Chabad of United States v. Russian Fed'n*, 528 F.3d 934, 943 (D.C. Cir. 2008) ("Issue preclusion can be applied only as to an issue resolved against the party sought to be estopped and necessary to the judgment.").

*F. The Complaint Fails to State a Damages Claim Against the Parole Commissioners*

Plaintiff's claim for money damages against the Parole Commissioners, a USPC hearing

9

examiner[7] and his CSO in their individual capacities "is barred because the defendants, as federal agents performing a quasi-judicial function in making a parole determination in [plaintiff's] specific case, are protected by absolute quasi-judicial immunity from such a suit." *Anderson v. Reilly*, 691 F. Supp. 2d 89, 92 (D.D.C. 2010); *Epps v. U.S. Attorney Gen.*, 575 F. Supp. 2d 232, 242 n.13 (D.D.C. 2008). Accordingly, the Commissioners, hearing examiners and CSOs are immune from plaintiff's claims for damages. *See Epps*, 575 F. Supp. 2d at 242 n.13; *Pate v. United States*, 277 F. Supp. 2d 1, 10-11 (D.D.C. 2003); *Turner v. Barry*, 856 F.2d 1539 (D.C. Cir. 1988) (probation officers absolutely immune from § 1983 suits for alleged errors in investigation and preparation of presentence reports); *Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983) (hearing examiners have absolute immunity).

### G. The Complaint Fails to State a Claim Under the Federal Tort Claims Act

To his complaint plaintiff attaches a copy of an administrative claim against many of the same defendants named in this action. *See* Compl., Ex. (Claim for Damage, Injury or Death dated March 29, 2009 with attachments, assigned Claim No. TRT-MXR-2010-00501). From this submission the Court presumes that he is bringing a claim against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.* In describing the nature and extent of his injuries, plaintiff lists various torts, including false imprisonment, assault, battery, "mental suffering" and nuisance, and his accompanying narrative makes clear that he seeks compensation for alleged violations of the Ex Post Facto Clause of as well as the Fifth and Fourteenth Amendments to the United States Constitution.

---

[7] Plaintiff filed a motion to amend his complaint by adding Rob Haworth, a USPC hearing examiner, as a party defendant [Dkt. #49]. Mr. Haworth would be protected by absolute quasi-judicial immunity, and the Court will deny the motion to amend as futile.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Relevant to this case are two exceptions from the FTCA.

The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees. *See* 28 U.S.C. § 2679(b)(1), (2); *Meyer v. Fed. Bureau of Prisons*, 929 F. Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador,* 603 F. Supp. 1313, 1316-17 (D.D.C. 1985). To the extent that plaintiff demands relief for defendants' violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, these claims must be dismissed. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *see Zakiya v. United States*, 267 F.Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights). Nor does the FTCA authorize relief for a claim "arising out of assault, battery, [or] false imprisonment." 28 U.S.C. § 2680(h).

## III. CONCLUSION

The Court concludes that plaintiff fails to state constitutional claims upon which relief can be granted, and that it lacks subject matter jurisdiction over his FTCA claims. Defendants' motion s to dismiss will be granted.[8] An Order is issued separately.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: November 9, 2010

---

[8] The Court will deny plaintiff's third motion to amend his complaint [Dkt. #51]. He purports to add a claim under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, but this matter does not appear to be relevant to the issues presented in this case. Plaintiff may pursue his FOIA claim in a separate action.